cannot stand. In helping unload this express box, plaintiff was not aware that such assistance was any part of his duties, as he had sworn himself. Without exception on either side, the court on this trial charged "that unless he [plaintiff] did it as a part of his duty, knowing that it was a part of his duty, he cannot recover." But plaintiff's own testimony as to his knowledge and purpose required the court to reject a verdict for him on this issue. The judgment and order are therefore reversed on the law and on the facts, and as further trials cannot overcome plaintiff's original testimony as to his own knowledge and purpose, final judgment is directed dismissing the complaint, with costs.

CANTWELL, Respondent, v. NEW YORK CENT. & H. R. R. Co., Appellant. (Supreme Court, Appellate Division, First Department. December 18, 1914.) Action by Michael Cantwell, as administrator, against the New York Central & Hudson River Railroad Company. M. Gilligan, for appellant. G. F. Hickey, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

CARPENTER MOTOR VEHICLE CO., Respondent, v. MARSHALL, Appellant. (Supreme Court, Appellate Division, Second Department. December 11, 1914.) Action by the Carpenter Motor Vehicle Company against Raymond W. Marshall. No opinion. Motion granted, on condition that appellant perfect his appeal, place the case on the January calendar, and be ready for argument when reached; otherwise, motion denied, with costs.

CARRIZZO, Respondent, v. NEW YORK, S. & W. R. Co., Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1914.) Action by George Carrizzo against the New York, Susquehanna & Western Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

CASEY, Appellant, v. GANNON et al., Respondents (four cases). (Supreme Court, Appellate Division, Second Department. December 4, 1914.) Appeal from Special Term, Kings County. Action by James J. Casey against Frank S. Gannon and another. From judgments denying plaintiff's motion to discontinue the cause, to retax costs and modify the judgment, to open plaintiff's default, and for a commission, he appeals. Order denying motion to discontinue reversed and motion granted, order denying motion to retax costs and modify judgment reversed, order denying motion to open default reversed, and order denying motion for a commission affirmed. John S. Wise, Jr., for appellant. Frank S. Gannon, Jr., of New York City, for respondent executors. W. Benton Crisp, of New York City, for respondents Wagener and Cotter. Parker K. Deane, of New York City, for respondents Ganes and others. PER CURIAM. The court was justified in refusing to issue a commission to take the testimony of Hughes and to delay the trial there-

for, or by reason of the sickness of Downing, and even in refusing to open the default if the denial of the motion to discontinue on payment of costs was warranted. But the motion to discontinue should have been granted, as the plaintiff by the pleadings alone moved affirmatively under the statute to test the validity of the will. The principal defendants even denied that the necessary persons had been brought in as parties. The order denying the motion to discontinue should be reversed, with $10 costs and disbursements against the respondents, and the motion to discontinue upon payment of taxable costs to each group of respondents granted. The order denying the motion to retax the costs and to modify the judgment is reversed, without costs. The order denying the motion to open the default should be reversed, with $10 costs and disbursements against all respondents, and the motion granted. The order denying the motion for a commission is affirmed, with $10 costs and disbursements to each group of respondents.

CASEY, Respondent, v. MORSE DRY DOCK & REPAIR CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 4, 1914.) Action by Martin Casey against the Morse Dry Dock & Repair Company. PER CURIAM. Judgment and order affirmed, with costs. CARR, J., not voting.

CAVANAUGH, Respondent, v. MURPHY et al., Appellants. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Action by Frances M. Cavanaugh, individually, etc., against Josephine A. Murphy and others. A. G. McLaughlin, of New York City, for appellants. T. M. Rowlette, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 149 N. Y. Supp. 1074.

CAWSTON CONST. CO., Appellant, v. PROSPECT INVESTING CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. December 18, 1914.) Action by the Cawston Construction Company against the Prospect Investing Company and others. B. Locker, of New York City, for appellant. R. B. Stringham, of New York City, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

CERF, Appellant, v. UNITED STATES TITLE GUARANTY CO., Respondent. (Supreme Court, Appellate Division, First Department. November 27, 1914.) Action by Gustave Cerf against the United States Title Guaranty Company. A. Knox, of New York City, for appellant. M. Leff, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

CHAPMAN, Respondent, v. FARGO, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 25, 1914.) Action by Louis H. Chapman against James C.